# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| GARY H. LEBBIN and<br>THE LEBBIN-SPECTOR FAMILY TRUST,<br>*By and Through Its Trustees Roger M. Lebbin*<br>*and Carole Sue Lebbin,*<br><br>    Plaintiffs,<br><br>v.<br><br>TRANSAMERICA LIFE INSURANCE<br>COMPANY,<br><br>    Defendant. | Civil Action No. TDC-17-1870 |

## MEMORANDUM OPINION

Plaintiffs Gary H. Lebbin and the Lebbin-Spector Family Trust, by and through its trustees Roger M. Lebbin and Carole Sue Lebbin ("the Trust"), have brought this civil action against Defendant Transamerica Life Insurance Company ("Transamerica") alleging breach of contract and related claims arising from Transamerica's termination of a life insurance policy because Gary Lebbin has now turned 100 years old. Presently pending before the Court is Transamerica's Motion to Transfer Venue. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is GRANTED.

## BACKGROUND

On May 6, 1990, Gary and Bernice Lebbin ("the Lebbins") completed an application for a Transamerica life insurance policy in Delray Beach, Florida, without specifying the ultimate beneficiaries of the policy. At the time, Gary Lebbin was a Florida citizen and listed a Delray

Beach address on the application, but he also maintained a residence in Maryland. Jack Kaye, a Transamerica agent, conducted the discussions and negotiations regarding the sale of the insurance policy with Gary Lebbin while in Florida.

On June 25, 1990, the Lebbins formed the Trust in Montgomery County, Maryland, naming their children, Roger Lebbin and Carole Sue Lebbin, as Trustees ("the Trustees"). Two days later, on June 27, 1990, the Lebbins completed another application for a Transamerica life insurance policy, this time naming the Trust as the policy owner and beneficiary. This application was signed by Gary and Bernice Lebbin, as well as both Trustees on behalf of the policy owner, in Chevy Chase, Maryland, but the Lebbins continued to list their address as a residence in Delray Beach, Florida. On July 9, 1990, Transamerica issued life insurance policy number 92324057 ("the 92324057 Policy"), which insured the Lebbins for $2,000,0000. The policy was issued on a form approved by the Florida Office of Insurance Regulation.

The Lebbins completed a third application on December 17, 1991. They listed the same Delray Beach, Florida address as their residence and signed the application in Delray Beach. The Trustees also signed as policy owner. A life insurance illustration form, which shows the assumed cash value of the policy at various ages, states that it was presented by Jack Kaye on December 19, 1991 in Florida. On December 20, 1991, Transamerica issued policy number 92387187 ("the 92387187 Policy"), a $1,200,000 policy insuring the Lebbins. The 92387187 Policy was also issued on a form approved by the Florida Office of Insurance Regulation. A premium payment for the 92324057 Policy was made by Gary Lebbin, with a check listing his Delray Beach address, on October 21, 2014.

Gary Lebbin is 100 years old and continues to live in Delray Beach, Florida. The Trust was formed in Maryland and is administered there. Roger Lebbin resides in and is a citizen of

Maryland, and Carole Sue Lebbin is a Florida citizen and resides in Delray Beach, Florida but also maintains another residence in Maryland. Jack Kaye, the original agent who sold the 92324057 and 92387187 Policies ("the Policies"), is 89 years old and lives in South Florida. Lisa Fleming, the current servicing agent for the Policies who reviewed the Polices with Gary Lebbin at her office in Florida in 2010, lives and works in South Florida. Both Kaye and Fleming have asserted that it would be a hardship for them to travel to Maryland for a trial and other proceedings relating to this case. The accountant for the Trust, Dianne Fagerli, is based in Florida but has stated that it would not be a hardship for her to travel to Maryland. Transamerica is an Iowa corporation and maintains offices in both Florida and Maryland.

## DISCUSSION

In their Motion to Transfer Venue, Transamerica seeks to transfer this case to the United States District Court for the Southern District of Florida "for the convenience of parties and witnesses" and "in the interest of justice" pursuant to 28 U.S.C. § 1404(a). Mot. Transfer at 1, ECF No. 19. Transamerica argues that such a transfer is warranted because Gary Lebbin initiated and negotiated the purchase of the Policies in Florida through a Florida agent, and all of the known witnesses in this case reside in Florida. In response, Plaintiffs emphasize the importance of a plaintiff's choice of forum, in this case, Maryland, and argue that Transamerica's claims of inconvenience in the absence of a transfer are speculative.

### I. Legal Standard

Since the parties do not dispute that venue is proper in Maryland, the Court analyzes Defendant's request to transfer the case under the change of venue statute, 28 U.S.C. § 1404(a). *See Lafferty v. St. Riel*, 495 F.3d 72, 78 (3d Cir. 2007) (observing that transfer under § 1404(a) is appropriate "when venue is proper and [28 U.S.C. § 1406] should be used when venue is

3

improper"). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district court or division where it might have been brought[.]" 28 U.S.C. § 1404(a) (2012); *see Kontoulas v. A.H. Robins Co.*, 745 F.2d 312, 315 (4th Cir. 1984). It is undisputed that this case could have been brought in the Southern District of Florida.

To prevail on a motion under § 1404(a), the moving party "must show by a preponderance of the evidence that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *Helsel v. Tishman Realty & Const. Co.*, 198 F. Supp. 2d 710, 711 (D. Md. 2002). The Court weighs a number of case-specific factors in making this determination, including: (1) the weight accorded to the plaintiff's choice of forum; (2) witness convenience and access to sources of proof; (3) the convenience of the parties; and (4) the interest of justice. *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.* ("*Trustees*"), 791 F.3d 436, 444 (4th Cir. 2015); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *Brown v. Stallworth*, 235 F. Supp. 2d 453, 456 (D. Md. 2002).

"[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Collins v. Straight, Inc.*, 748 F.2d 916, 921-22 (4th Cir. 1984). "[B]efore transfer is warranted, a defendant must demonstrate that the deference due plaintiff's choice of venue is clearly outweighed by other factors." *Bd. of Trustees, Sheet Metal Workers Nat'l Fund. v. Baylor Heating & Air Cond., Inc.*, 702 F. Supp. 1253, 1256 (E.D. Va. 1988). In deciding a motion to transfer, a court may consider materials outside the pleadings. *See Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.3d 633, 645 (2d Cir. 1956); *Huang v. Napolitano*, 721 F.

Supp. 2d 46, 47 n.2 (D.D.C. 2010); *Citibank, N.A. v. Affinity Processing Corp.*, 248 F. Supp. 2d 172, 176 (E.D.N.Y. 2003).

## II. Plaintiff's Choice of Forum

Turning to the first factor, the plaintiff's choice of forum, the general rule is that the plaintiff's preference is afforded "substantial weight in determining whether transfer is appropriate." *Trustees*, 791 F.3d at 444. The deference accorded to the plaintiff's choice of forum should be proportional to the relationship between the forum and the cause of action. *See Carey v. Bayerische Hypo-Und Vereinsbank AG*, 370 F.3d 234, 237-38 (2d Cir. 2004) (affirming the district court's venue determination based in part on the conclusion that the weight accorded to the plaintiff's choice of forum was "diminished" because the cause of action did not have "significant ties" to that forum); *Bannister v. Wal-Mart Stores East, L.P.*, 843 F. Supp. 2d 610, 615 (E.D.N.C. 2012) (according lesser weight to the plaintiffs' choice of forum because they were not residents of the forum state and alleged discrimination at their workplace in a different state).

Transamerica argues that Plaintiffs' choice of forum should be afforded little weight because "the marketing, sale, and purchase of the Policies at issue in this case occurred in Florida, and the representations made in Florida during the sale lie at the heart of plaintiffs' claims." Mot. Transfer at 8. Plaintiffs counter that (1) the Trust is based in Maryland; (2) one of the trustees, Roger Lebbin, lives in Maryland; (3) Gary Lebbin maintained a residence in Maryland during the time period when the Policies were negotiated; and (4) one of the insurance policy applications was signed in Maryland. The Court agrees that, based on these facts, this is not a case in which there is no connection between the claims and the selected forum. *See Carey*, 370 F.3d at 237; *Hausfeld v. Love Funding Corp.*, 16 F. Supp. 3d 591, 604 (D. Md.

5

2014). However, the third and fourth facts identified by Plaintiffs are of little consequence, where the Lebbins' applications, by listing a Delray Beach, Florida address, reveal that they were residing in Florida at the time of the issuance of the Policies, and it is undisputed that the discussions surrounding the sale of the Policies, and all aspects of the servicing of the Policies, occurred in Florida. Particularly when the individual Plaintiff, Gary Lebbin, and one of the two Trustees, Carole Sue Lebbin, both reside in Florida, the Court concludes that this case has substantially stronger ties to Florida than to Maryland. Thus, although the Court concludes that this factor weighs in favor of Plaintiffs, it is not entitled to substantial weight.

### III. Witness Convenience and Access to Sources of Proof

Transamerica asserts that "virtually every material witness is located in Florida," Mot. Transfer at 9-12. Plaintiffs counter that Transamerica has not shown that any of the witnesses would be unable to appear in Maryland and asserts that any third-party witnesses unwilling to appear in Maryland could have their testimony presented through a video deposition.

This factor weighs strongly in favor of a transfer. All of the identified potential witnesses reside in Florida, including Gary Lebbin, Kaye, Fleming, and Fagerli. Plaintiffs do not claim that Roger Lebbin, the only relevant individual who lives permanently in Maryland, was involved in the negotiations leading to the Policies or otherwise has a basis to be a witness in this case. Significantly, Plaintiffs acknowledge that Kaye, who currently works for Morgan Stanley, and Fleming, who works for Highland Capital Brokerage, are non-parties. "The convenience of non-party witnesses should be afforded greater weight in deciding a motion to transfer venue." *Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 718 (E.D. Va. 2005). This principle is sensible because non-parties cannot be required to travel out-of-state and more than 100 miles away, as would be required to appear in Maryland for trial. Fed. R. Civ. P. 45(c).

6

Given that Kaye, who is 89-years-old, and Fleming have each asserted that traveling to Maryland for trial would present a hardship, retaining the case in the District of Maryland raises the potential that these non-parties' testimony would be presented by deposition only. This is especially important in the case of Kaye because Counts II and III, which allege negligent misrepresentation and intentional misrepresentation, center on statements made by Transamerica's agents, presumably by Kaye as the selling agent to Gary Lebbin, that the Policies "constituted permanent life insurance" that would provide "coverage for life" and were suitable for the Lebbin's estate and tax planning needs. Compl. ¶¶ 76-90, ECF No. 1. "[G]reater weight should be accorded inconvenience to witnesses whose testimony is central to a claim and whose credibility is also likely to be an important issue." *Samsung*, 286 F. Supp. 2d at 718. Where Kaye's statements to Gary Lebbin, as well as his credibility as a witness, are likely to be crucial in this case, the potential to lose Kaye's live testimony is a significant factor weighing in favor of a transfer. *See id.* at 718-19 (noting that "live testimony is the preferred mode of presenting evidence" while noting that video deposition testimony may be acceptable "when the witness is not central to the case").

Thus, where all of the known witnesses reside in Florida, including important non-party witnesses who may not be compelled to travel to Maryland for trial, this factor weighs strongly in favor of a transfer of venue. *See, e.g., Southern Ry. Co. v. Madden*, 235 F.2d 198, 200-01 (4th Cir. 1956) (noting, in a case where "all of the witnesses to the occurrence" lived outside the forum state, that the appellate panel could not "imagine a case more clearly calling for the exercise of the power of transfer"); *Cronos Containers, Ltd. v. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 465 (D. Md. 2000) ("In this district, motions to transfer have been regularly granted where the defendant has shown that most of its key witnesses are residents of another district.").

## IV. Convenience of the Parties

In many cases, transferring a case would merely "shift the balance of inconvenience" from one party to another. *See Bd. of Trustees, Sheet Metal Workers Nat'l Fund*, 702 F. Supp. at 1258. Here, however, the Court concludes that the Southern District of Florida is a more convenient forum for the parties. In reaching this conclusion, the Court leaves to the side the Plaintiff's choice of forum and the convenience to witnesses, which are separate factors analyzed above.

As noted above, Transamerica has offices in both Florida and Maryland, so the Court finds that it is equally able to conduct this case in either forum. The two Trustees, Roger Lebbin and Carole Sue Lebbin, reside in Maryland and Florida, respectively, leaving no forum more convenient to the Trust. But the sole individual Plaintiff, Gary Lebbin, is 100-years-old and resides in Florida. Even without any information on whether he is willing and able to travel to Maryland, Gary Lebbin's presence in Florida, particularly given his advanced age, places this factor in favor of transfer.

## V. Interests of Justice

In arguing that the interests of justice favor its proposed venue, Transamerica asserts that this insurance policy dispute is, at its essence, a local dispute in Florida, that the claims are likely to be governed by Florida law, and that the Southern District of Florida will likely resolve it faster than this District. In response, Plaintiffs argue that this case is best viewed as a claim for redress by a Maryland resident for which Maryland has a strong interest in providing a forum, it is not clear that Florida law applies, and relative court efficiency is not a persuasive factor.

The Court agrees with Transamerica that this case presents a contract dispute centered in Florida. According to the undisputed account of Kaye, all of the discussions relating to the

8

Policies were with Gary Lebbin in Florida, and he processed the applications and Policies from his office in Florida. The applications all listed Gary Lebbin's address as a residence in Delray Beach, Florida. According to Fleming, the servicing of the Policies has been handled in Florida, including meetings she had with Gary Lebbin. The only documented payment in the record, made in 2014, was submitted by Gary Lebbin using a check listing his Delray Beach, Florida address. Under these circumstances, the case is a localized controversy which is most appropriately resolved in Florida. *See, e.g., Nguyen v. The Anthem Cos., Inc.*, No. DKC-15-2268, 2016 WL 1321420, at *5 (D. Md. April 5, 2016) (finding that the interests of justice weighed in favor of a transfer to South Dakota where the "vast majority of the alleged conduct occurred there, including the entry of a retainer agreement and negotiations with insurance providers); *Elliot AmQuip, LLC v. Bay Elec. Co., Inc.*, No. ELH-10-3598, 2011 WL 2174893, at *12 (D. Md. June 2, 2011) (finding that the interests of justice weighed in favor of a transfer to Georgia where the allegations arose from a contract negotiated in Georgia). Where this case is primarily about Gary Lebbin's purchase of insurance policies while he resided in Florida, from a Florida insurance agent, and the beneficiary Trust has a Trustee in Florida as well as in Maryland, the argument that Maryland has a stronger interest than Florida in vindicating the rights of its citizens is not persuasive. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957) (noting that where an insurance contract was delivered in California, the premiums were mailed from there, and the insured was a resident of that state, California had a "manifest interest in providing effective means of redress").

Moreover, based on these same facts, it appears most likely that Florida law applies to the claims in this case, even if the case proceeds in this District. *See Southern Ry.*, 235 F.2d at 200-01 (considering the fact that North Carolina law would apply in determining that transfer to

North Carolina was warranted); *Lynch v. Vanderhoef Builders*, 237 F. Supp. 3d 615, 618 (D. Md. 2002) (noting that a court's familiarity with applicable law is a consideration under the interest of justice when considering a motion to transfer). A federal court exercising diversity jurisdiction applies the choice-of-law rules of the state in which it sits, in this case, Maryland. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Maryland law, for tort claims, courts apply the law of the state where the injury occurred. *Lab Corp of Am. v. Hood*, 911 A.2d 841, 845 (Md. 2006). Because all of the discussions regarding the policy occurred in Florida, the alleged torts of misrepresentation appear to have occurred in Florida, such that Florida law would likely apply. *Cooper v. Berkshire Life Ins. Co.*, 810 A.2d 1045, 1052 (Md. Ct. Spec. App. 2002) (applying Maryland law to tort claims arising from misrepresentations in the negotiation of a life insurance policy when the plaintiffs resided in Maryland, the alleged misrepresentations were made to the plaintiffs in Maryland, and the policy was delivered to the plaintiffs in Maryland).

Under Maryland law, for a breach of contract claim, courts apply the law of the state in which the contract was made. *Allstate Ins. Co. v. Hart*, 611 A.2d 100, 101 (Md. 1992). A contract is made in the state in which the last act necessary to give the contract binding effect occurs. *TIG Ins. Co. v. Monongahela Power Co.*, 58 A.3d 497, 507-08 (Md. Ct. Spec. App. 2002) (noting that the final act which constitutes the making of an insurance contract is the delivery of the policy to the insured's agent). Here, where the initial payments had already been made with the applications, the delivery of the policies to the insurance agents was likely the last act. *See id.* According to Kaye, he worked in Florida and processed the Policies in Florida. Under these circumstances, it is likely that Florida law would apply to the contract claims as well.

Finally, although the statistics cited by Transamerica may support the view that the case would be resolved earlier in the Southern District of Florida, Transamerica has not provided a basis to rely on this factor to any appreciable degree. Nevertheless, because the known facts of this case indicate that Florida has the strongest interest in this dispute and that Florida law likely applies, the interests of justice weigh in favor of transfer to the Southern District of Florida.

## VI. Balance of Factors

On balance, although Plaintiffs' choice of forum weighs in favor of retention of this case in the District of Maryland, the remaining factors weigh in favor of transfer to the Southern District of Florida. In an analogous case in this District, the plaintiff, a Maryland resident who was the named beneficiary for a life insurance policy covering her son, a New York resident, filed suit in the District of Maryland against a Massachusetts-based insurance company alleging breach of the policy terms. *Bacon v. John Hancock Mut. Life Ins. Co.*, 317 F. Supp. 302, 303 (D. Md. 1970). The court granted a motion to transfer to the Eastern District of New York despite the plaintiff's choice of forum based on the facts that the insured individual was a resident of New York, the policy contract was executed in New York, the premiums were paid in that state, and most of the witnesses were in New York such that their testimony might have to be presented by deposition if the case proceeded in Maryland. *Id.* at 303-04. Likewise, here, although one of the Trustee beneficiaries is based on Maryland and presumably chose this forum, transfer is warranted because the insured individual, Gary Lebbin, resides in Florida, the Policies were purchased and serviced in Florida, payments were made in Florida, and all of the known witnesses are Florida residents. *See id.* In particular, the fact that all known witnesses reside in Florida, including important non-party witnesses, strongly weighs in favor of transfer. *United States ex. Rel. Salomon v. Wolff*, 268 F. Supp. 3d 770, 776 (D. Md. 2017) ("Convenience of the

witnesses is perhaps the important factor to consider when analyzing a § 1404(a) motion to transfer venue.") *Bd. of Trustees*, 702 F. Supp. at 1258 ("Witness convenience is often dispositive in transfer decisions.").

The Court therefore concludes that balance of factors strongly favors transfer. *See Collins*, 748 F.2d at 921-22; *Bacon*, 317 F. Supp. at 303-04. The Motion to Transfer Venue will therefore be granted.

## CONCLUSION

For the foregoing reasons, Transamerica's Motion to Transfer will be GRANTED. A separate Order shall issue.

Date: April 30, 2018

THEODORE D. CHUANG
United States District Judge